FILED

JAN 0 8 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIO A. IRIAS,

    Petitioner,

vs.

JEAN S. WOODFORD, Warden,

    Respondent.

No. C 04-02740 JW (PR)

ORDER DENYING MOTIONS FOR RECONSIDERATION

    Petitioner, a California prisoner currently incarcerated at Pleasant Valley State Prison, filed a <u>pro so</u> petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. On September 28, 2007, the Court issued an order denying the petition. (Doc. No. 27.) Petitioner filed multiple letters to the court subsequent to the denial. (Doc. Nos. 29-33.) Petitioner's most recent letter was filed December 6, 2012. (Doc. No. 33.) He requests that the Court reopen his case.

    The Court construes Petitioner's letters as motions for reconsideration. A motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4)

voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. Id.

Petitioner does not specify the provision of Rule 60(b) under which reconsideration is warranted, however, he alleges that since the dismissal of his case he has been able to obtain documents demonstrating that the delay in his seeking further review "in the appeal process" was due to circumstances beyond his control and he should be afforded equitable tolling.

The Court's September 28, 2007 order denying Petitioner's petition was primarily based on this Court's conclusion that the state court's adjudication of Petitioner's claims was not contrary to, or an unreasonable application of established Supreme Court law. 28 U.S.C. § 2254(d). Petitioner has presented no information that would warrant this Court reconsidering its September 28, 2007 order.

Moreover, Petitioner indicates that he became aware of the Court's order denying his petition on October 30, 2007, less than one month after the order was issued. (Doc. No. 29.) Petitioner does not satisfy the requirements necessary to re-open the time for filing an appeal. See Fed. R. App. P. 4(a)(b).

Petitioner's request to reopen or reconsider this case is **DENIED**.

IT IS SO ORDERED.

DATED: 1/4/13

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IRIAS,

        Plaintiff,

v.

WOODFORD et al,

        Defendant.

Case Number: CV04-02740 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 8, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mario A. Irias T-25668
Avenal State Prison
P. O. Box 9
Avenal, Ca 93204

Dated: January 8, 2013

                Richard W. Wieking, Clerk
                /s/ By: Elizabeth Garcia, Deputy Clerk